

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

45654
Morton & Craig LLC
William E. Craig, Esquire
110 Marter Ave., Suite 301
Moorestown, NJ 08057
Attorney for Ally Financial

Order Filed on January 26, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No. 17-33417

In Re:

DEREK J. LEARY
MICHELLE L. LEARY

Judge: (ABA)

# ORDER FOR SECURED AMOUNT TO BE PAID THROUGH DEBTORS' CHAPTER 13 PLAN AND ADEQUATE PROTECTION PAYMENTS

The relief set forth on page number two (2) is hereby **ORDERED**.

**DATED: January 26, 2018**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**

Debtors: Derek and Michelle Leary

Case No: 17-33417

Caption of Order: Order for secured amount to be paid through Debtors' chapter 13 plan and adequate protection payments

This matter having brought before this Court on an Objection To Confirmation filed by William E. Craig, Esq., attorney for Ally Financial, with the appearance of Terry Tucker, Esq. on behalf of the Debtors, and this Order having been filed with the Court and served upon the Debtors and their attorney under the seven day rule with no objections having been received as to the form or entry of the Order and for good cause shown, it is hereby

**ORDERED:**

1. **That Ally Financial ("Ally") is the holder of a first purchase money security interest encumbering a 2016 Hyundai Elantra bearing vehicle identification number KMHDH4AE8GU517184.**

2. **That the secured amount that Ally shall be paid through the Debtors' plan shall be $20,231.05. This amount is reached using the agreed value of the vehicle of $17,652.55 (the net loan balance), amortized at 5.5% over 60 months.**

3. **That the Chapter 13 Trustee is hereby directed to make an immediate lump sum adequate protection payment to Ally in the amount of $300.00 through January 2018 and thereafter, each month, commencing February 2018, make monthly adequate protection payments to Ally in the amount of $150.00.  Adequate protection payments to Ally shall be made monthly up to and after confirmation, until all counsel fees have been paid and regular distributions begin to be made to Ally.  If in any month there are insufficient funds on hand to pay both counsel fees and adequate protection payments, then funds on hand shall be used to pay adequate protection payments first, with the remaining balance going to counsel fees.  If, after confirmation, counsel fees remain to be paid, then adequate protection payments shall continue to be paid to Ally until the remaining counsel fees have been paid. The Debtors shall receive a credit for all adequate protection payments made against the total amount to be received by Ally through the plan.**