UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Karen B. Olson, Esq.
Knuckles, Komosinski & Manfro, LLP
565 Taxter Road, Suite 590
Elmsford, NY 10523
Phone: (914) 345-3020
E-Fax (914) 992-9154
kbo@kkmllp.com

**In Re:**

**Derek J. Leary and Michelle L. Leary**

Case No.:     17-33417-ABA
Chapter:      13
Hearing Date: May 23, 2018
Judge:        Andrew B. Altenburg Jr.

## OBJECTION TO CONFIRMATION OF THE DEBTORS' PROPOSED FIRST MODIFIED CHAPTER 13 PLAN

Secured Creditor, HMC Assets, LLC Solely in its Capacity as Separate Trustee of Community Development Fund III Trust (the "Trust") by and through its attorneys, Knuckles, Komosinski & Manfro, LLP, submits this objection to confirmation of the proposed Modified Chapter 13 plan of debtors Derek J. Leary and Michelle L. Leary (the "Debtors").

1.      On or about November 17, 2017, the Debtor herein filed the instant petition under Chapter 13 of the Bankruptcy Code and pursuant thereto the automatic stay was imposed.

2.      The Trust is the secured creditor of the Debtor pursuant to a note and mortgage executed by the Debtor on November 16, 2007, to secure payment of the principal sum of $306,022.00 on property located at 38 Tomasello Drive, Millville, NJ 08332. The Note and Mortgage were duly assigned to the Trust by written instrument dated January 16, 2017. Copies of the Note, Mortgage, and Assignment are annexed hereto collectively as **Exhibit A**.

3.      As is evident from its Proof of Claim, the amount of the Trust's secured claim is $417,301.24, of which $115,024.83 are pre-petition arrears. Pursuant thereto, it is further evident that

1

October 1, 2015 was the last date that a payment towards the underlying indebtedness was last received.  However, the Debtor's Chapter 13 Plan proposes that the Debtors owe $68,000.00  in pre-petition arrears.  A copy of the Trust's Proof of Claim and the Debtor's proposed Chapter 13 Plan is annexed hereto as **Exhibit B**.

4.      To date, there have been no adequate protection payments or any post-petition payments made by Debtor.

5.      Consequently, the Trust is not adequately provided for in the Debtors' Chapter 13 Plan and objects to confirmation of said plan.

6.      The Trust will withdraw its objection provided the Debtors file a Modified Chapter 13 Plan sufficient to fund the arrears to the Trust, and which recognizes the proper amount of debt owed to the Trust.

7.      The Trust respectfully requests that an additional fee of $500.00 be added to its proof of claim arrears, for the cost of preparing this objection.

WHEREFORE, the Trust respectfully requests that confirmation of the Debtors' plan be denied and such other and further relief as is just, proper, and equitable.

Dated:  May 14, 2018

**Knuckles, Komosinski & Manfro LLP**
Attorneys for HMC Assets, LLC Solely in its Capacity as Separate Trustee of Community Development Fund III Trust

By: _____
Karen B. Olson, Esq.
Knuckles, Komosinski & Manfro, LLP
565 Taxter Road, Suite 590
Elmsford, NY 10523
Phone: (914) 345-3020
E-Fax (914) 992-9154
kbo@kkmllp.com



# NOTE

| FHA CASE NO. |
|---|
|  |

November 16, 2007
[Date]

38 Tomassello Drive
Millville, NEW JERSEY 08332

[Property Address]

### 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **Gateway Funding Diversified Mortgage Services L.P.**

and its successors and assigns.

### 2.  BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Three Hundred Six Thousand Twenty Two and no/100**                                Dollars (U.S. $ **306,022.00**                ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of    **Six**

percent (           **6.0000** %) per year until the full amount of principal has been paid.

### 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4.  MANNER OF PAYMENT

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **January 01, 2008**    . Any principal and interest remaining on the first day of          **December 2037**         . will be due on that date, which is called the "Maturity Date."

**(B) Place**

Payment shall be made at **300 Welsh Road, Building 5, Horsham, PENNSYLVANIA  19044**

or at such other place as Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $ **1,834.76**
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

MULTISTATE FHA FIXED RATE NOTE                                                                           6/95

**(D)  Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

[ ] Growing Equity Allonge          [ ] Graduated Payment Allonge

[ ] Other [specify]

**5.  BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.  BORROWER'S FAILURE TO PAY**

**(A)  Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four** percent (  **4.0000**%) of the overdue amount of each payment.

**(B)  Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Note.

_____ (Seal)
Michelle Leary                  -Borrower

_____ (Seal)
Herbert C Leary                 -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

[Sign Original Only]

Pay to the order of
without recourse
Gateway Funding Diversified Mortgage
Services, L.P.
By its General Partner Gateway Funding, Inc.

_____
Chris Thomas
Collateral Manager

(Page 3 of 3 pages)

GREATLAND ☐
To Order Call: 1-800-530-9393 □Fax 616-791-1731

After Recording Return To:
**Gateway Funding Diversified Mortgage Services L.P.**
**300 Welsh Road, Building 5**
**Horsham, PENNSYLVANIA 19044**
RECORD & RETURN
I Abstract & Title Agency LLC
513 White Horse Pike
Haddon Heights, NJ 08035
File No. *IA 0741593*

[Space Above This Line For Recording Data]

# MORGAGE

| FHA CASE NO. |
|---|
| 351-4985764 |

THIS MORTGAGE ("Security Instrument") is given on **November 16, 2007**
The mortgagor is **Michelle Leary and Herbert C Leary**

("Borrower"). This Security Instrument is given to

Mortgage Electronic Registration Systems, Inc., ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of Delaware, and has a mailing address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **Gateway Funding Diversified Mortgage Services L.P.**

("Lender") is organized and existing , and
under the laws of **PENNSYLVANIA**
has a principal office and mailing address of **300 Welsh Road, Building 5, Horsham, PENNSYLVANIA 19044**

Borrower owes Lender the principal sum of **Three Hundred Six Thousand Twenty Two and no/100**
Dollars (U.S. $ **306,022.00** ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **December 01, 2037**
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. This Security Instrument and the Note secured hereby are subject to modification (including changes in the interest rate, the due date, and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353, §1 et seq., and upon such modification, shall have the benefit of the lien priority provisions of that law. The maximum principal amount secured by this Security Instrument is $ **306,022.00** . For these purposes, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in **Cumberland** County, New Jersey:

6/96
GreatDocs™
To Order Call: 1-800-968-5775

NEW JERSEY FHA MORTGAGE

*(Page 1 of 7 pages)*

ITEM 2986L1 (0205)—MERS

**See Legal Description attached hereto and made a part hereof.**

which has the address of                          38 Tomassello Drive
                                                          [Street]

         Millville                New Jersey              08332                    ("Property Address");
         [City]                                          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.    **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2.    **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all

**NEW JERSEY FHA MORTGAGE**                                              GreatDocs™
                                                                        To Order Call: 1-800-968-5775
ITEM 2669L2 (0205)—MERS                    *(Page 2 of 7 pages)*



**Fidelity National Title**
Insurance Company

COMMITMENT

SCHEDULE C
DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate in the City of Millville, County of Cumberland and the State of New Jersey more particularly described as follows:

BEGINNING at a point in the Northeasterly line of Tomasello Drive (50.00 feet wide), said point being South 47 Degrees 23 Minutes 51 Seconds East, a distance of 1,844.07 feet measured along the Northeasterly side of Tomasello Drive from the Easterly end of a curve connecting same with the Southeasterly line of Cedar Street, also known as Cedarville Road, County Route 610 (66.00 feet wide), said connecting curve having a radius of 25.00 feet, said point being in the division line between Lots 36.39 and 36,40, as shown on a plan hereinafter mentioned and extending;

thence (1)  North 42 Degrees 36 Minutes 09 Seconds East along the division line between Lots 36.39 and 36.40 of said plan, a distance of 251.37 feet to a point.

thence (2)  South 47 Degrees 23 Minutes 51 Seconds East along the division line between Lots 36.39, 71.02 and 71.03 of said plan, a distance of 102.00 feet to a point.

thence (3)  South 42 Degrees 36 Minutes 09 Seconds West along the division line between Lots 36.38 and 36.39 of said plan, a distance of 251.37 feet to a point in the Northeasterly line of Tomasello Drive;

thence (4)  North 47 Degrees 23 Minutes 51 Seconds West along the Northeasterly line of Tomasello Drive, a distance of 102.00 feet to the point and place of BEGINNING.

BEING known as Lot 36.39, Final Plan of Lots, Phase 1, 2, and 3, Sherwood Forest III, Sheet 2, by Evers Associates, Inc. dated 4/10/2003 and revised to 8/9/2004.

ALSO known as Lot 19, Block 128.02 on the City of Millville Tax Map.

CONTAINING 25,639.74 square feet, more or less.

BEING known as 38 Tomasello Drive, Millville, NJ.

installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.    **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4.    **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.    **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6.    **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7.    **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time

directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8.  **Fees.** Lender may collect fees and charges authorized by the Secretary.

9.  **Grounds for Acceleration of Debt.**
    (a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
    (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
    (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.
    (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:
    (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and
    (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.
    (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.
    (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.
    (e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10.  **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately

NEW JERSEY FHA MORTGAGE

ITEM 2889L4 (0205)—MERS

*(Page 4 of 7 pages)*

GreatDocs™
To Order Call: 1-800-968-5775

preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11.  Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12.  Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13.  Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14.  Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15.  Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16.  Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17.  Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect

NEW JERSEY FHA MORTGAGE

ITEM 2889L5 (0205)—MERS

*(Page 5 of 7 pages)*

GreatDocs™
To Order Call: 1-800-968-5775

and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18.  Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19.  Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**20.  No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

**21.  Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)].

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Graduated Payment Rider | ☐ Growing Equity Rider |
| ☐ Planned Unit Development Rider | ☐ Adjustable Rate Rider | ☐ Rehabilitation Loan Rider |
| ☐ Non-Owner Occupancy Rider | ☐ Other [Specify] | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 7 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)      _____ (Seal)
Michelle Leary              -Borrower    Herbert C Leary            -Borrower

_____ (Seal)      _____ (Seal)
                           -Borrower                               -Borrower

_____ (Seal)      _____ (Seal)
                           -Borrower                               -Borrower

Signed, sealed and delivered in the presence of:

_____                _____

State of *New Jersey*
County of *Cumberland*                                    , ss

On this      **16th**      day of      **November 2007**      , before me, the subscriber, personally appeared
**Michelle Leary, Herbert C Leary**

                                                                   who, I am satisfied,
                                                                   **THEY**

**ARE**      the person(s) named in and who executed the within instrument, and thereupon
acknowledged that      **THEY**      signed, sealed and delivered the same as **THEIR**
act and deed, for the purposes therein expressed.

                              _____
                                                   Notary Public

RONALD W. JABLONSKI
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires 10/7/2008

# RECORDING INFORMATION SHEET

CUMBERLAND COUNTY CLERK'S OFFICE
60 WEST BROAD STREET
BRIDGETON NJ 08302

| INSTRUMENT NUMBER: | DOCUMENT TYPE : |
|---|---|
| **407715** | **ASSIGN MTG** |
| **Official Use Only** | |

Return Address *(for recorded documents)*
WELLS FARGO BANK, N.A.
2701 WELLS FARGO WAY
MAC X9999-018
MINNEAPOLIS MN 55467

GLORIA NOTO, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
407715
RECORDED ON
March 12, 2012  02:25 pm
BOOK:4090 PAGE:3779

KE

| | |
|---|---|
| No. Of Pages *(excluding Summary Sheet)* | 1 |
| Recording Fee *(excluding Transfer Tax)* | $40.00 |
| Realty Transfer Tax | $0.00 |
| Amount Charged          (ACH) | $40.00 |

| Parcel Information | Block | |
| | Lot | |
| First Party Name | MERS | |
| Second Party Name | WELLS FARGO BANK NA | |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

Additional Information (Official Use Only)

|||||||||||||||||||||||||

ADDITIONAL STAMPINGS _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* *DO NOT REMOVE THIS PAGE.*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* *RETAIN THIS PAGE FOR FUTURE REFERENCE.* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Inst#407715 Page 2 of 4

## Cumberland County Document Summary Sheet

| | |
|---|---|
| **Transaction Identification Number** | 1675154   859126 |

CUMBERLAND CLERK'S OFFICE

60 W. BROAD ST
BRIDGETON NJ 08302

**Return Address**   *(for recorded documents)*
WELLS FARGO BANK, N.A.
2701 WELLS FARGO WAY
MAC X9999-018
MINNEAPOLIS, MN 55467

Official Use Only

| | |
|---|---|
| **Submission Date** *(mm/dd/yyyy)* | 03/08/2012 |
| **No. of Pages** *(excluding Summary Sheet)* | 1 |
| **Recording Fee** *(excluding transfer tax)* | $40.00 |
| **Realty Transfer Tax** | $0.00 |
| **Total Amount** | $40.00 |

**Document Type**   ASSIGNMENT OF MORTGAGE

**Electronic Recordation Level**
L2 - Level 2 (With Images)

**Municipal Codes**
MILLVILLE                          02

**Bar Code(s)**

013187

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

1696751_3M8D(12H16M15S483)/1675154 859126                                          Page 1 of 2

Page 1 of 2

RECORDING REQUESTED BY:
WELLS FARGO BANK, N.A.
PANG JAI VANG
2701 WELLS FARGO WAY
MAC X9999-018
MINNEAPOLIS, MN 55467-8000

AND WHEN RECORDED MAIL TO:
WELLS FARGO BANK, N.A.
DEFAULT ASSIGNMENT
MAC: X9999-018
PO BOX 1629
MINNEAPOLIS, MN 55440-9790

Parcel Identifier No:

### ASSIGNMENT OF MORTGAGE

MERS Telephone: 1-888-679-6377

For Value Received, the undersigned holder of a Mortgage MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS ( herein "Assignor")  whose address is BOX 2026 FLINT MI 48501 1901 E VOORHEES ST STE C. DANVILLE, IL 61834 , does hereby grant, sell, assign, transfer, and convey, unto WELLS FARGO BANK, NA ( herein "Assignee") , whose address is 1 HOME CAMPUS , DES MOINES, IA 50328 , a certain Mortgage dated 11/16/2007 , made and executed by MICHELLE LEARY AND HERBERT C LEARY to and in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS , upon the following described property. Such Mortgage having been given to secure payment of $306022.00 which Mortgage was recorded 12/31/2007 in Book, Volume or Liber No. 4037 , at Page 2595 , as Document No. 302032 , of the Records of Cumberland County, State of NJ , together with the note ( s )  and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

Municipality: MILLVILLE
Legal Description:
TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on 03/08/2012 .
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS

JASON P. BRUMM, Assistant Secretary

STATE OF MN
COUNTY OF Dakota } s.s.

On 03/08/2012 , before me JANET L JONES , Notary Public, personally appeared JASON P. BRUMM , Assistant Secretary personally known to me ( or proved to me on the basis of satisfactory evidence) , to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

JANET L JONES

| RECORDING INFORMATION SHEET | CUMBERLAND COUNTY CLERK'S OFFICE<br>60 WEST BROAD STREET<br>BRIDGETON NJ 08302 |
|---|---|

| INSTRUMENT NUMBER:<br>**524603**<br>**Official Use Only** | DOCUMENT TYPE:<br>**ASSIGNMENT OF MORTGAGE** |
|---|---|

Return Address *(for recorded documents)*

HMC ASSETS LLC
2015 MANHATTAN BEACH BLVD. SUITE 200
REDONDO BEACH  CA
90278

CELESTE RILEY, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
524603
RECORDED ON
01/31/2017 03:35:11 PM
BOOK: 04149  PAGE: 7372
CR

Consideration:

| | |
|---|---|
| No. of Pages *(excluding Summary Sheet)* | 3 |
| Recording Fee *(excluding Transfer Tax)* | $60.00 |
| Realty Transfer Tax | $0.00 |
| Amount Charged | $60.00 |
| Parcel Information | Block:<br>Lot: |
| First Party Name | WELLS FARGO BANK |
| Second Party Name | HOUSING & URBAN DEVELOPMENT SEC OF |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

ADDITIONAL STAMPINGS _____

Additional Information (Official Use Only)

||||||||||||||||||||||||

*********************** *DO NOT REMOVE THIS PAGE.* ***********************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
*************** *RETAIN THIS PAGE FOR FUTURE REFERENCE* ***************

NOTE: If the document data differs from this cover sheet, the document data always supersedes the cover page.
COVER PAGE DOES NOT INCLUDE ALL DATA. PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

Claim Date:   11/1/2016          FHA Case No.: 351-4985764

                                 Servicer Loan No.:   ▓▓▓▓▓▓▓▓▓▓

RECORDING REQUESTED BY, AND          This Instrument prepared by:
AFTER RECORDING MAIL TO: IIMC        Wells Fargo Home Mortgage
ASSETS                               George Wellock
2015 MANHATTAN BEACH BLVD            1000 Blue Gentian Rd #200
SUITE: 200                           Eagan, MN 55121-4400
REDONDO BEACH, CA 90278

### ASSIGNMENT OF MORTGAGE AND OTHER LOAN DOCUMENTS

WELLS FARGO BANK, N.A., whose address is 1 Home Campus, Des Moines, IA 50328
("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable
consideration received by Assignor, hereby assigns, transfers, sets over and conveys to THE
SECRETARY OF HOUSING AND URBAN DEVELOPMENT, whose address is 451 7th Street, S.W.,
Washington, D.C. 20410 ("Assignee"), and its successors and assigns, without recourse, the
following:

1. that certain Mortgage dated NOVEMBER 16, 2007, executed by MICHELLE LEARY AND
   HERBERT C LEARY, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
   NOMINEE FOR DIVERSIFIED MORTGAGE SERVICES L.P., ITS SUCCESSORS AND ASSIGNS,
   having an original principal sum of $306022.00 with interest, secured thereby, and
   recorded on DECEMBER 31, 2007 as Instrument Number 302032 and/or in
   Book/Volume/Liber/Reel 4037, at Page/Folio 2595, among the land records of
   CUMBERLAND County, NEW JERSEY, as amended or modified (the "Mortgage"), which
   Mortgage secures that certain promissory note dated NOVEMBER 16, 2007 (the "Note");
   and

2. such other documents, agreements, instruments and other collateral that evidence,
   secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage
   and/or the Note, including without limitation the title insurance policies and hazard
   insurance policies that might presently be in effect.

TO HAVE AND TO HOLD unto Assignee and its successors and assigns forever.

Property Address: 38 TOMASSELLO DRIVE, MILLVILLE, NEW JERSEY 08332
Assessor's/Tax ID No.: N/A
Legal Description: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized officer as of the 2nd day of November, 2016 .

WELLS FARGO BANK, N.A.

By: _____

Name: Dereje D. Badada

Title: Vice President Loan Documentation

## NOTARY ACKNOWLEDGMENT

State of Minnesota    )
                      ), ss:
County of Dakota      )


On 11/2/2016 , before me, _____Jennifer Rae Anderson_____, a Notary Public in the State of __Minnesota__, personally appeared __Dereje D. Badada__, Vice President Loan Documentation, for WELLS FARGO BANK, N.A. personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

JENNIFER RAE ANDERSON
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

Notary Public: _____Jennifer Rae Anderson_____

My Commission Expires: 1/31/2020

[ SEAL ]

Cumberland County Clerk    BK 04149  PG 7375    01/31/2017 03:35 PM    4 of 4    ** End of Document **

# EXHIBIT "A"

THE FOLLOWING DESCRIBED REAL PROPERTY SITUATE IN THE COUNTY OF CUMBERLAND, STATE OF NEW JERSEY:

ALL THAT CERTA OR PARCEL OF LAND AND PERMISES SITUATE IN THE CITY OF MILLVILE, COUNTY OF CUMBERLAND AND THE STATE OF NEW JERSEY MORE PARTICULAR DESCRIBED FOLLOW:

BEGINNING AT A POINT IN THE NORTHEASTERLY ONE OF TOMASELLO DRIVE (50.00 FEET WIDE), SAID PUNT BEING SOUTH 47 DEGREES 23 MINUTES 51 SECONDS EAST, A DISTANCE OF 1,844.07 FEET MEASURED A LONG THE NORTHEASTERLY SIDE OF TOMASELLO DRIVE FROM THE EASTERLY END OF A CLAIM CONNECTING SAME WITH THE SOUTHEASTERLY LINE OF CEDAR STREET, ALSO KNOWN AS EDARVILLE ROAD, COUNTY ROUTE 610 (66.00 FEET WIDE), SAID CONNECTING CURVES HAVING A RADIUS OF 25.00 FEET, SAID POINT BEING IN THE DIVISION LINE BETWEEN LOT 36.37 AND 36.40 AS SHOWN ON A PLAN HEREIN AFTER MENTIONED AND EXTENDING;

THENCE (NORTH 42 DEGREE 36 MINUTES 09 SECONDS EAST ALONG THE DIVISION LINE BETWEEN LOTS 36.39 AND 36.40 OF SAID PLAN, A DISTANCE OF 251.37 FEET TO A POINT

THENCE (2) SOUTH 47 DEGREES 23 MINUTES 51 SECONDS EAST A LONG THE DIVISION LINE BETWEEN LOTS 36.39, 71.02 AND 71.03 OF SAID PLAN, A DISTANCE OF 102.00 FEET TO A POINT

THENCE (3) SOUTH 42 DEGREE 36 MINUTES 09 SECONDS WEST ALONG DIVISION LINE BETWEEN LOTS 36.38 AND 36.39 OF SAID PLAN, A DISTANCE OF 251.37 FEET TO A POINT IN THE NORTEASTERLY LINE OF TOMASELLO DRIVE;

THENCE (4) NORTH 47 DEGREES AND MINUTES 51 SECONDS WEST ALONG THE NORTEASTERLY LINE OF TOMASELLO DRIVE, A DISTANCE OF 102.00 FEET TO THE POINT AND PLACE OF BEGINNING.

BEING KNOWN AS LOT 36.39, FINAL PLAN OF LOTS, PHASE 1,2 AND 3, SHERWOOD FOREST III SHEET 2, BY EVERS ASSOCIATES, INC. DATED 4/10/2003 AND REVISED TO 8/9/2004.

ALSO KNOWN AS LOTS 9, BLOCK 128.02 ON THE CITY OF MILLVILLE TAX MAP.

CONTAINING 25,639.74 SQUAREFEET, MORE OR LESS.

BEING KNOWN AS 38 TOMASELLO DRIVE, MILLVILLE, NJ

## RECORDING INFORMATION SHEET

CUMBERLAND COUNTY CLERK'S OFFICE
60 WEST BROAD STREET
BRIDGETON NJ 08302

| INSTRUMENT NUMBER: | DOCUMENT TYPE: |
| --- | --- |
| **524604** | **ASSIGNMENT OF MORTGAGE** |
| **Official Use Only** | |

Return Address *(for recorded documents)*

HMC ASSETS LLC
2015 MANHATTAN BEACH BLVD. SUITE 200
REDONDO BEACH  CA
90278

CELESTE RILEY, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
524604
RECORDED ON
01/31/2017 03:35:12 PM
BOOK: 04149 PAGE: 7376
CR

Consideration:

| | |
| --- | --- |
| **No. of Pages** *(excluding Summary Sheet)* | 3 |
| **Recording Fee** *(excluding Transfer Tax)* | $60.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged** | $60.00 |
| **Parcel Information** | Block: Lot: |
| **First Party Name** | HOUSING & URBAN DEVELOPMENT SEC OF BY ATTY |
| **Second Party Name** | COMMUNITY LOAN FUND OF NJ INC |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

ADDITIONAL STAMPINGS _____

Additional Information (Official Use Only)

|||||||||||||||||||||||||||||||||||||||

*********************** *DO NOT REMOVE THIS PAGE.* ***********************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
*************** *RETAIN THIS PAGE FOR FUTURE REFERENCE* ***************

NOTE: If the document data differs from this cover sheet, the document data always supersedes the cover page.
COVER PAGE DOES NOT INCLUDE ALL DATA. PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

Legal Description: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

| | |
|---|---|
| Claim Date:    11/1/2016 | FHA Case No.: 351-4985764 |
| | Servicer Loan No.:    ████████████ |

| | |
|---|---|
| RECORDING REQUESTED BY, AND AFTER RECORDING MAIL TO: HMC ASSETS 2015 MANHATTAN BEACH BLVD SUITE: 200 REDONDO BEACH, CA 90278 | This instrument prepared by: Wells Fargo Home Mortgage George Wellock 1000 Blue Gentian Rd #200 Eagan, MN 55121-4400 |

## ASSIGNMENT OF MORTGAGE AND OTHER LOAN DOCUMENTS

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, whose address is 451 7th Street, S.W., Washington, D.C. 20410 ("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration received by Assignor, hereby assigns, transfers, sets over and conveys to Community Loan Fund of New Jersey, Inc., whose address is 108 Church Street, 3rd Floor New Brunswick, NJ  08901 ("Assignee"), and its successors and assigns, without recourse, the following:

1. that certain Mortgage dated NOVEMBER 16, 2007, executed by MICHELLE LEARY AND HERBERT C LEARY to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR DIVERSIFIED MORTGAGE SERVICES L.P., ITS SUCCESSORS AND ASSIGNS, having an original principal sum of $306022.00 with interest, secured thereby, and recorded on DECEMBER 31, 2007 as Instrument Number 302032 and/or in Book/Volume/Liber/Reel 4037, at Page/Folio 2595, among the land records of CUMBERLAND County, NEW JERSEY as amended or modified (the "Mortgage"), which Mortgage secures that certain promissory note dated NOVEMBER 16, 2007  (the "Note"); and

2. such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

TO HAVE AND TO HOLD unto Assignee and its successors and assigns forever.

Property Address: 38 TOMASSELLO DRIVE, MILLVILLE, NEW JERSEY 08332
Assessor's/Tax ID No.: N/A
Legal Description: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

IN WITNESS WHEREOF, ASSIGNOR HAS CAUSED THIS ASSIGNMENT TO BE EXECUTED AND
DELIVERED BY ITS DULY AUTHORIZED OFFICER AS OF THE
_10th_ DAY OF JANUARY, 2017.


SECRETARY OF HOUSING AND URBAN DEVELOPLMENT
BY COMMUNITY LOAN FUND OF NEW JERSEY INC. ITS ATTORNEY IN FACT, by LPOA
Recorded on 1/30/2017 as Instrument # 524467

By _____
Wayne T. Meyer, President


State of          New Jersey
County of         Middlesex

On this 10th day of January 2016, before me the undersigned, a Notary Public, in and for
the said State and County, personally appeared Wayne T. Meyer, known to me to be the person
whose name is subscribed to and in the within instrument on behalf of Community Loan Fund of
New Jersey, Inc.

I certify UNDER PENALTY OF PERJURY under the laws of the State of New Jersey that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

MADELINE VELAZQUEZ
Notary Public
State of New Jersey
My Commission Expires Mar 13, 2020

# EXHIBIT "A"

THE FOLLOWING DESCRIBED REAL PROPERTY SITUATE IN THE COUNTY OF CUMBERLAND, STATE OF NEW JERSEY:

ALL THAT CERTA OR PARCEL OF LAND AND PERMISES SITUATE IN THE CITY OF MILLVILE, COUNTY OF CUMBERLAND AND THE STATE OF NEW JERSEY MORE PARTICULAR DESCRIBED FOLLOW:

BEGINNING AT A POINT IN THE NORTHEASTERLY ONE OF TOMASELLO DRIVE (50.00 FEET WIDE), SAID PUNT BEING SOUTH 47 DEGREES 23 MINUTES 51 SECONDS EAST, A DISTANCE OF 1,844.07 FEET MEASURED A LONG THE NORTHEASTERLY SIDE OF TOMASELLO DRIVE FROM THE EASTERLY END OF A CLAIM CONNECTING SAME WITH THE SOUTHEASTERLY LINE OF CEDAR STREET, ALSO KNOWN AS EDARVILLE ROAD, COUNTY ROUTE 610 (66.00 FEET WIDE), SAID CONNECTING CURVES HAVING A RADIUS OF 25.00 FEET, SAID POINT BEING IN THE DIVISION LINE BETWEEN LOT 36.37 AND 36.40 AS SHOWN ON A PLAN HEREIN AFTER MENTIONED AND EXTENDING;

THENCE (NORTH 42 DEGREE 36 MINUTES 09 SECONDS EAST ALONG THE DIVISION LINE BETWEEN LOTS 36.39 AND 36.40 OF SAID PLAN, A DISTANCE OF 251.37 FEET TO A POINT

THENCE (2) SOUTH 47 DEGREES 23 MINUTES 51 SECONDS EAST A LONG THE DIVISION LINE BETWEEN LOTS 36.39, 71.02 AND 71.03 OF SAID PLAN, A DISTANCE OF 102.00 FEET TO A POINT

THENCE (3) SOUTH 42 DEGREE 36 MINUTES 09 SECONDS WEST ALONG DIVISION LINE BETWEEN LOTS 36.38 AND 36.39 OF SAID PLAN, A DISTANCE OF 251.37 FEET TO A POINT IN THE NORTEASTERLY LINE OF TOMASELLO DRIVE;

THENCE (4) NORTH 47 DEGREES AND MINUTES 51 SECONDS WEST ALONG THE NORTEASTERLY LINE OF TOMASELLO DRIVE, A DISTANCE OF 102.00 FEET TO THE POINT AND PLACE OF BEGINNING.

BEING KNOWN AS LOT 36.39, FINAL PLAN OF LOTS, PHASE 1,2 AND 3, SHERWOOD FOREST III SHEET 2, BY EVERS ASSOCIATES, INC. DATED 4/10/2003 AND REVISED TO 8/9/2004.

ALSO KNOWN AS LOTS 9, BLOCK 128.02 ON THE CITY OF MILLVILLE TAX MAP.

CONTAINING 25,639.74 SQUAREFEET, MORE OR LESS.

BEING KNOWN AS 38 TOMASELLO DRIVE, MILLVILLE, NJ

## RECORDING INFORMATION SHEET

**CUMBERLAND COUNTY CLERK'S OFFICE**
60 WEST BROAD STREET
BRIDGETON NJ 08302

| INSTRUMENT NUMBER: | DOCUMENT TYPE: |
|---|---|
| **524605** | **ASSIGNMENT OF MORTGAGE** |
| **Official Use Only** | |

**Return Address** *(for recorded documents)*

HMC ASSETS LLC
2015 MANHATTAN BEACH BLVD. SUITE 200
REDONDO BEACH CA
90278

CELESTE RILEY, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
524605
RECORDED ON
01/31/2017 03:35:13 PM
BOOK: 04149 PAGE: 7380
CR

Consideration:

| | |
|---|---|
| **No. of Pages** *(excluding Summary Sheet)* | 1 |
| **Recording Fee** *(excluding Transfer Tax)* | $40.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged** | $40.00 |
| **Parcel Information** | Block: Lot: |
| **First Party Name** | COMMUNITY LOAN FUND OF NEW JERSEY INC BY ATTY |
| **Second Party Name** | HMC ASSETS LLC TRUST |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

ADDITIONAL STAMPINGS _____

**Additional Information (Official Use Only)**

************************* *DO NOT REMOVE THIS PAGE.* *************************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
**************** *RETAIN THIS PAGE FOR FUTURE REFERENCE* ****************

NOTE: If the document data differs from this cover sheet, the document data always supersedes the cover page.
COVER PAGE DOES NOT INCLUDE ALL DATA. PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

Recording Requested by and
When recorded mail to:
HMC Assets, LLC
2015 Manhattan Beach Blvd #200
Redondo Beach, CA 90278
Document prepared by:
Donna Beebe
2015 Manhattan Beach Suite 200
Redondo Beach, CA 90278

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE _____

### Assignment of Mortgage

For value received, the undersigned hereby grants, assigns and transfers to

HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development
Fund III Trust

All beneficial interest under that certain Mortgage dated 11/16/2007 executed by Michelle
Leary and Herbert Leary, Trustor(s) to Mortgage Electronic Registration systems, Inc., as a
Nominee for Gateway Funding Diversified Mortgage Services L.P. as Beneficiary, and
recorded on 12/31/2007 as Book 4037 Page 2595 Instrument: 302032 of Official Records, in
the office of the County Recorder of **Cumberland** County, State of New Jersey, together with
the Promissory Note secured by said Mortgage and also all rights accrued or to accrue under
said Mortgage and Note.

Property Address: 38 TOMASELLO DRIVE, MILLVILLE, NJ 80332

Dated: 1/16/17

Community Loan Fund of New Jersey, Inc
By Servis One, Inc DBA BSI Financial
Services, as its Attorney in Fact    by LPOA
Recorded 1/30/2017 as Instrument
#52452I

By _____
Michael Whitfield, VP Loan Administration

STATE OF PENNSYLVANIA
COUNTY OF CRAWFORD

On JANUARY 16, 2017, before me, SHEILA J. MAYNARD, a Notary Public,
the undersigned officer, personally appeared Michael Whitfield, known to me (or
satisfactorily proven) to be the person whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she executed the same for the purposes therein
contained

In witness hereof, I hereunto set my hand and official seal.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Sheila J. Maynard, Notary Public
Vernon Twp., Crawford County
My Commission Expires March 5, 2018
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Prepared by:                                        When recorded return to:
Community Development Fund III Trust                     BSI Financial Services
2015 Manhattan Beach Blvd                        1425 Greenway Drive, Suite 400
Suite 100                                                   Irving, TX 75038
Redondo Beach, CA 90278

## LIMITED POWER OF ATTORNEY

This Limited Power of Attorney is made in connection with that certain Sub-Servicing or Servicing Agreement by and between HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund III Trust (the "Owner") and Servis One, Inc. a Delaware corporation, licensed as Servis One, Inc. in Florida and licensed as Servis One, Inc. d/b/a/ BSI Financial Services, in all other jurisdictions in which business is conducted (the "Servicer") dated as of November 14, 2016 (the "Servicing Agreement").

Owner hereby makes, constitutes and appoints Servicer for Owner's benefit and in Owner's name, place, and stead, as Owner's true and lawful attorney-in-fact, with full power of substitution, to act in any manner necessary and proper to exercise the servicing and administrative powers set forth in the Servicing Agreement with respect to those loans and REO properties the servicing for which has been transferred to the Servicer pursuant to the terms of the Servicing Agreement. Such powers include the authority to execute the following documents:

1. Mortgage and trust deed assignments;
2. Note endorsements and allonges;
3. Substitutions of trustee;
4. Deeds of conveyance (including, without limitation, warranty deeds, grant deeds and quitclaim deeds);
5. Trust deed reconveyance and mortgage release documents;
6. Partial releases and subordination agreements;
7. Affidavits (including, without limitation, lost note affidavits, military affidavits and affidavits of indebtedness);
8. Powers of attorney (i) concerning any process related to effecting a lien release upon payment of a loan in full, or (ii) used to process any foreclosure, bankruptcy or other related activity concerning a loan in default;
9. HUD-1 settlement statements;
10. Endorsement of insurance claim proceeds checks;
11. Insurance claims and filings;
12. Approved, standard hold harmless agreements regarding payment of property insurance proceeds to Servicer for the benefit of the Owner or to the Owner;
13. Documents in connection with any bankruptcy (including, without limitation, Bankruptcy Declaration in support of Motions for Relief from Stay);

1

14. Contracts and purchase agreements for sale of real estate;
15. Settlement agreements, consent judgments, stipulated dismissals, stipulations and releases, as may be necessary; and
16. All other normal and customary documents related to the foreclosure and/or sale of real estate.

Owner gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the limited power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and does hereby ratify and confirm to all that this Limited Power of Attorney is effective as of the date hereof.

Owner will not be responsible for inspection of any items being executed pursuant to this Limited Power of Attorney and as such, is relying upon the Servicer to undertake whatever procedures may be necessary to confirm the accuracy of such items.

Any third party may rely upon a copy of this Limited Power of Attorney, to the same extent as if it were an original, and shall be entitled to rely on a writing signed by the Servicer to establish conclusively the identity of a particular right, power, capacity, asset, liability, obligation, property, loan or commitment of Servicer for all purposes of this Limited Power of Attorney.

Servicer shall not be obligated to furnish a bond or other security in connection with its actions hereunder. Servicer hereby agrees to indemnify and hold Owner and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Servicing Agreement.

Owner authorizes Servicer, by and through any of its directors or officers, or any other employee who is duly authorized by Servicer to certify, deliver and/or record copies and originals of this Limited Power of Attorney. Servicer's employees executing such documents in the name of Owner necessary to properly service and administer mortgage loans must hold the office of Document Executing Officer or Assistant Vice President or higher.

If any provision of this Limited Power of Attorney shall be held invalid, illegal or unenforceable, the validity, legality or enforceability of the other provisions hereof shall not be affected thereby. This Limited Power of Attorney is entered into and shall be governed by the laws of the State of Texas without regard to conflicts of law principles of such state.

[Signature page follows]

2

IN WITNESS WHEREOF HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund III Trust, as Owner has caused this Limited Power of Attorney to be executed by its duly authorized representative as of February 1, 2017.

**HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund III Trust**

_____
Name: Gary McCarthy
Title: Member of HMC Assets, LLC, as Administrator

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

State of **California**          ) ss
County of **Los Angeles**       )

On **02/01/2017** before me **Diana Ly** Notary Public, personally appeared **Gary W. McCarthy**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

DIANA LY
Notary Public - California
Los Angeles County
Commission # 2106638
My Comm. Expires Apr 12, 2019

_____
Notary Signature                          [Notary Seal]

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Karen B. Olson, Esq.
Knuckles, Komosinski & Manfro, LLP
565 Taxter Road, Suite 590
Elmsford, NY 10523
Phone: (914) 345-3020
E-Fax (914) 992-9154
kbo@kkmllp.com

In Re:

Derek J Leary aka Derek J Leary Sr
and Michelle L Leary aka Michelle L Sutton

| | |
|---|---|
| Case No.: | 17-33417-ABA |
| Chapter: | 13 |
| Adv. No.: | |
| Hearing Date: | |
| Judge: | Andrew B. Altenburg |

## CERTIFICATION OF SERVICE

1.   I, _____ Erika Jones _____ :

    ☐ represent the _____ in the above-captioned matter.

    ☑ am the secretary/paralegal for ___Karen B. Olson, Esq.___, who represents the
    _____ Creditor _____ in the above captioned matter.

    ☐ am the _____ in the above case and am representing myself.

2.   On _____ March 13, 2018 _____, I sent a copy of the following pleadings and/or documents to the
parties listed in the chart below:

    proof of claim

3.   I hereby certify under penalty of perjury that the above documents were sent using the mode of
service indicated.

Dated: __March 13, 2018_____

                      /s/ Erika Jones_____
                      Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Derek J Leary<br>38 Tomasello Dr<br>Millville, NJ 08332<br>aka Derek J Leary Sr | Debtor | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Terry Tucker ESQ<br>Terry Glen Tucker, P.C.<br>80 West Broad Street<br>Bridgeton, NJ 08302 | Debtor's Attorney | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Isabel C. Balboa<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>535 Route 38 - Suite 580<br>Cherry Hill, NJ 08002 | Trustee | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Michelle L Leary<br>38 Tomasello Dr<br>Millville, NJ 08332<br>aka Michelle L Sutton | Joint Debtor | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |

2

DocuSign Envelope ID: A6D5D882-73E8-4DED-8D91-D589ECB33526

**Blank Addendum/Endorsement to the Contract for Sale**

THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATRORNEY WHO CAN REVIEW AND CANCEL THE CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.

Date of this Addendum _____ **April 26, 2018** _____

Property _____ 3340 Union Ave, Pennsauken Township, NJ  08109

Seller(s) _____ Wilmington Savings Trust _____

Buyer(s) _____ Navigating Boarders LLC _____

It is agreed and understood that the above Contract for Sale dated ____ **March 27, 2018** ____ shall be amended as follows:

Closing was initially scheduled for April 23rd, 2018 and closing did not occur due to title not being ordered by the buyers broker. New proposed and scheduled closing date is Monday April 30th, 2018. As per the Selene Finanical Addendum on page 2, sections 8 and 9 it explains that if closing does not occur on scheduled date due to fault of the buyer then a 100.00 per day per diem will be enforced. The per diem charge will be 700.00 In the event that closing does not occur on Monday April 30th no additional fees will be assessed as the buyer has all necessary and required documentation complete.

_____

_____

_____

**ATTORNEY REVIEW:**

**Study by Attorney:** The Buyer or the Seller may choose to have an attorney study this contract. If an attorney is consulted, the attorney must complete his or her review of the contract within a three-day period. This contract will be legally binding at the end of this three-day period unless an attorney for the Buyer or Seller reviews and disapproves of the contract.

**Counting the Time:** You count the three days from the date of delivery of the signed contract. You do not count Saturdays, Sundays or legal holidays. The Buyer and the Seller may agree in writing to extend the three-day period for attorney review.

**Notice of Disapproval:** If an attorney for the Buyer or the Seller reviews and disapproves of this contract, the attorney must notify the Broker(s) and the other party named in this contract within the three-day period. Otherwise this contract will be legally binding as written. The attorney must send the notice of disapproval to the Broker(s) by certified mail, by telegram, or by delivering it personally. The telegram or certified letter will be effective upon sending. The personal delivery will be effective upon delivery to the Broker's office. The attorney may but need not also inform the Broker(s) of any suggested revisions in the contract that would make it satisfactory.

All other terms and conditions of the Contract shall remain unchanged and in full force and effe ̄ ̄

*Lance Snedden*
*Selene Finance LP as Attorney in Face*                              04/30/18
Seller Wilmington Savings Trust                                    _____
*All Terms Subject to Sellers "As Is" Addendum*                     Date

_____          _____
Seller                                             Date

*Raysa Vargas*                                                     4/26/2018
Buyer Navigating Boarders LLC                                      _____
                                                                   Date

_____          _____
Buyer                                              Date



| Fill in this information to identify the case: |
| --- |
| Debtor 1  **Derek J Leary** |
| Debtor 2  **Michelle L Leary**<br>(Spouse, if filing) |
| United States Bankruptcy Court for the:  District of New Jersey |
| Case number  **17-33417-ABA** |

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:   Identify the Claim

**1. Who is the current creditor?**

HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF COMMUNITY DEVELOPMENT FUND III TRUST
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes.  From whom?  Community Loan Fund of New Jersey Inc.  11/16/17

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| BSI Financial Services<br>Name | BSI Financial Services<br>Name |
| 1425 Greenway Drive, Suite 400<br>Number    Street | 314 S Franklin St. P.O. Box 517<br>Number    Street |
| Irving          TX      75038<br>City        State      ZIP Code | Titusville      PA      16354<br>City        State      ZIP Code |
| Contact phone  800-327-7861 | Contact phone  800-327-7861 |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____ _____ _____ _____ _____ _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

**Part 2:  Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 9 2 5 4 |

---

7. **How much is the claim?**   $ _____ 417,301.24 . Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Note and Mortgage

---

9. **Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

Nature of property:

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:   38 Tomasello Dr., Millville, NJ 08332

Basis for perfection:   Recording

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $ _____

Amount of the claim that is secured:     $   417,301.24

Amount of the claim that is unsecured:  $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $   115,024.83

Annual Interest Rate (when case was filed)  3.75 %

☑ Fixed

☐ Variable

---

10. **Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

---

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3/13/2018
         MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Raymond        Valderrama |
| | First name    Middle name    Last name |
| Title | Bankruptcy Supervisor |
| Company | BSI Financial Services |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 7505 Irvine Center Drive |
| | Number    Street |
| | Irvine       CA       92618 |
| | City       State    ZIP Code |
| Contact phone | 949-679-6728    Email   RValderrama@BSIFinancial.com |

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 17-33417-ABA |
| Debtor 1: | Derek J Leary |
| Debtor 2: | Derek J Leary |
| Last 4 digits to identify: | 9254 |
| Creditor: | HMC Assets LLC |
| Servicer: | BSI FINANCIAL SERVICES |
| Fixed accrual/daily simple interest/other: | Fixed/ 3.75% |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | 313,325.66 |
| Interest due: | 25,979.85 |
| Fees, costs due: | 2,118.67 |
| Deferred Amount: | 53,168.36 |
| Escrow deficiency for funds advanced: | 22,010.24 |
| Less total funds on hand: | - 0.00 |
| Total debt: | 417,301.24 |

***SEE ATTACHED EXHIBIT 1 FOR ITEMIZATION OF PRE-PETITION FEES, EXPENSES, CHARGES***

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | 37,727.56 |
| Prepetition fees due: | 2,118.67 |
| Escrow deficiency for funds advanced: | 22,010.24 |
| Projected escrow shortage: | 0.00 |
| Less funds on hand: | - 0.00 |
| Total prepetition arrearage: | 61,856.47 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | 1,451.06 |
| Monthly escrow: | 762.77 |
| Private mortgage insurance: | |
| Total monthly payment: | 2213.83 |

## Part 5 : Loan Payment History from First Date of Default

### Account Activity

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance |
|---|---|---|---|---|---|---|
| 10/1/15 through 5/1/17 | 20 payments @ $3,157.74 =$63,154.80 | | | Payment Due | | $63,154.80 |
| 6/1/17 through 11/1/17 | 6 payments @ $2,199.52 =$13,197.12 | | | Payment Due | | $76,351.92 |

### How Funds Were Applied/Amount Incurred

| H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds |
|---|---|---|---|---|
| | | | | |
| | | | | |

### Balance After Amount Received or Incurred

| M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|
| $313,325.66 | | | | |
| $313,325.66 | | | | |

Official Form 410A                Mortgage Proof of Claim Attachment                page 1 of ___

# Form 410 Proof of Claim
## Exhibit 1

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | 10/1/15 – 4/1/16 | (1) | $ 698.46 |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ |
| 3. Attorney's fees | | (3) | $ |
| 4. Filing fees and court costs | | (4) | $ |
| 5. Advertisement costs | | (5) | $ |
| 6. Sheriff/auctioneer fees | | (6) | $ |
| 7. Title costs | | (7) | $ |
| 8. Recording fees | | (8) | $ |
| 9. Appraisal/broker's price opinion fees | | (9) | $ |
| 10. Property inspection fees | 1/19/17 | (10) | $ 30.00 |
| 11. Tax advances (non-escrow) | | (11) | $ |
| 12. Insurance advances (non-escrow) | | (12) | $ |
| 13. Escrow shortage or deficiency | | (13) | $ |
| 14. Property preservation expenses. | | (14) | $ |
| 15. Other. Specify: BK Fees and Costs | 1/19/17 | (15) | $ 800.00 |
| 16. Other. Specify: FC Fees and Costs | 1/19/17 | (16) | $ 1,048.67 |
| 17. Other. Specify: | | (17) | $ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $ 2,577.13 |

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                        Case No.:      17-33417/ABA

                                              Judge:    _____

      Debtor(s)

## Chapter 13 Plan and Motions

☐ Original                  ☒ Modified/Notice Required          Date:      4/16/2018

☐ Motions Included          ☐ Modified/No Notice Required

## THE DEBTOR HAS FILED FOR RELIEF UNDER
## CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney:      TT          Initial Debtor:      DL          Initial Co-Debtor:      ML

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____2,935.00_____ per _____month_____ to the Chapter 13 Trustee, starting on
_____December 1, 2017_____ for approximately _____60_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $  3,100.00 |
| DOMESTIC SUPPORT OBLIGATION | | |
| IRS | tax | $17,000.00 |
| State of NJ | tax | $4,000.00 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:   Secured Claims

**a.  Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| BSI | mortgage | $68,000 | | $68,000 | $2,200.00 |

**b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c.  Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☒ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|----------|-----------|----------------|------------------------|----------------|------------------------------------------|----------------------|-------------------------|
|          |           |                |                        |                |                                          |                      |                         |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☐ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|----------|------------------------------|---------------------------------|--------------------------|
| Honda 150R MC | motorcycle | $2,000 | |
| Members First | '13 ToyotaTundra | $2,000 | |
| Fulton Bank | '16 Coachman Trailer | $22,000 | |
| VW Credit | '16 Audi Q5 | $30,000 | |

**f. Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

TDBank-'18 Jeep Wrangler

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Ally Financial | '16 Hyundai Elantra | $17,887.00 |

## Part 5:   Unsecured Claims ☐ NONE

    **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

        ☐ Not less than $ _____ to be distributed *pro rata*

        ☐ Not less than _____ percent

        ☒ *Pro Rata* distribution from any remaining funds

    **b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:   Executory Contracts and Unexpired Leases ☐ NONE

    (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7:   Motions  ☒ NONE

NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

### a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2)  Attorney Fees

3)  Priority Claims, Secured Claims

4)  Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:   Modification ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____ 4/16/2018 _____ .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| BSI (mortgage) filed a POC +$50,000 more than estimated-to make the Plan payments feasible, debtor's wish to surrender the Audi Q5 financed by VW. | Part 4(e) surrenders the Audi Q5 financed by VW, and same is taken out of section 4(g)(to be paid in full through Plan)-also the Plan payments are adjusted, by subtracting the VW POC amount + Trustee commission, divided by 60 mths. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

**Part 10:   Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 4/16/2018 _____     /s/Terry Tucker _____
                                            Attorney for the Debtor

Date: 4/16/2018 _____     /s/Derek Leary _____
                                            Debtor

Date: 4/16/2018 _____     /s/Michele leary Leary _____
                                            Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 4/16/2018 _____          /s/Terry Tucker _____
                                                  Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 4/16/2018 _____          /s/Derek Leary _____
                                                  Debtor

Date: 4/16/2018 _____          /s/Michele Leary _____
                                                  Joint Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Karen B. Olson, Esq.
Knuckles, Komosinski & Manfro, LLP
565 Taxter Road, Suite 590
Elmsford, NY 10523
Phone: (914) 345-3020
Fax: (914) 992-9154
kbo@kkmllp.com

In Re:

Derek J Leary and Michelle L Leary

| | |
|---|---|
| Case No.: | 17-33417 |
| Chapter: | 13 |
| Adv. No.: | |
| Hearing Date: | |
| Judge: | Andrew B. Altenburg Jr. |

## CERTIFICATION OF SERVICE

1. I, _____ Erika Jones _____ :

   ☐ represent _____ in this matter.

   ☒ am the secretary/paralegal for _____ Karen B. Olson, Esq. _____, who represents

   _____ Creditor _____ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On ___ May 14 2018 ___, I sent a copy of the following pleadings and/or documents
   to the parties listed in the chart below.

   OBJECTION TO CONFIRMATION OF THE DEBTORS'
   PROPOSED FIRST MODIFIED CHAPTER 13 PLAN

3. I certify under penalty of perjury that the above documents were sent using the mode of service
   indicated.

Date: ___ May 14, 2018 ___          /s/Erika Jones _____
                                    Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
| --- | --- | --- |
| Derek J Leary<br>38 Tomasello Dr<br>Millville NJ 08332 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Michelle L Leary<br>38 Tomasello Dr<br>Millville NJ 08332 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Isabel C. Balboa<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center,535<br>Route 38 - Suite 580<br>Cherry Hill NJ 08002 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Terry Tucker<br>Terry Glen Tucker, P.C.<br>80 West Broad Street<br>Bridgeton NJ 08302 | Debtors' Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |